**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** 26-mj-03791-Sanchez

**UNITED STATES OF AMERICA**

**v.**

**JORGE ALEJANDRO FLORES PEREZ,**
**Defendant.**
_______________________________/

FILED BY JP D.C.
Oct 1, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

5. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Herandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/ Christian Harris*
Christian Harris
Assistant United States Attorney
Court ID No. A5503410
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9331
Email: Christian.Harris@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.

Jorge Alejandro Flores Perez

*Defendant(s)*

Case No. 26-mj-03791-Sanchez

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 30, 2026 in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 554 | Smuggling |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Corey Johnson, Special Agent, HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime.

Date: October 1, 2026

[signature]
*Judge's signature*

City and state: Miami, Florida

Eduardo I. Sanchez, United States Magistrate Judge
*Printed name and title*

Print | Save As... | Attach | Reset

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Corey Johnson, being duly sworn, do hereby depose and state the following:

## INTRODUCTION

1. I am presently employed as a Special Agent (SA) with the Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed since 2024. I graduated from the Criminal Investigator Training Program (CITP) and HSI Special Agent Training (SAT) at the Federal Law Enforcement Training Center (FLETC) in 2025. Prior to my tenure as a Special Agent, I was a police officer with the St. Augustine Beach Police Department (SABPD) for approximately eight (8) months and participated in over 700 hours of training accredited by the Florida Department of Law Enforcement (FDLE). I hold a Bachelor Degree in Criminal Justice from Florida International University (FIU).

2. In my current position as a Special Agent with HSI, I am an investigative law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 8, 18, 19, and 21 of the United States Code. In this capacity, I am responsible for conducting criminal investigations involving narcotics, money laundering, fraud, smuggling, and related offenses contained in Titles 8, 18, 19, and 21. I have participated in investigations involving these violations and am familiar with methods and practices used by individuals engaged in such criminal activity.

3. The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this Affidavit is submitted solely

for the purpose of establishing probable cause, it does not contain all the information known about this investigation.

4. I submit this Affidavit in support of a criminal complaint charging **Jorge Alejandro Flores Perez (FLORES)** with violations of Title 18, United States Code, Section 554 – Smuggling Goods from the United States.

## PROBABLE CAUSE

5. On or about September 29, 2026, at Miami International Airport (MIA), within the Southern District of Florida, United States Customs and Border Protection (CBP) officers encountered **FLORES** as he arrived on a commercial flight (Volaris flight Y4 790), from Mexico City, Mexico, to Miami, Florida at approximately 1518 hours.

6. At MIA, consistent with standard inbound inspection procedures, CBP officers asked **FLORES** the purpose of his trip. **FLORES** stated he came to the United States, by himself, to pick up three high-end watches purchased by his employer and transport them to Mexico for delivery to a customer. **FLORES** stated that he has worked as a jewelry broker for the past two years. During that time, he has traveled to the United States on multiple occasions to pick up high-end watches. At the conclusion of this encounter, CBP officers advised **FLORES** in his native language, Spanish, that an Electronic Export Information (EEI) filing was required to export commercial merchandise, pursuant to 15 Code of Federal Regulations Part 30.2. **FLORES** wrote down the applicable website information and acknowledged that he understood the requirement to declare commercial merchandise being exported from the United States.

7. Federal law requires individuals to declare certain items, including commercial cargo to CBP officers upon entering or leaving the United States. 19 Code of Federal Regulations Section 192.14(a).

8. On September 30, 2026, CBP officers encountered **FLORES** during an outbound inspection of Volaris flight Y4 791 to Mexico City, Mexico, at approximately 1830 hours. At the inspection point, CBP officers obtained an oral binding declaration from **FLORES** in Spanish, his native language, that he had nothing to declare. Specifically, CBP asked **FLORES** if he had anything to declare in Spanish, and he replied he did not.

9. During the inspection CBP identified a high-end watch on **FLORES's** wrist and identified two (2) co-travelers. In total, nine (9) high-end watches were located between the three (3) subjects and none of the watches were declared for export. CBP took the subjects for further inspection.








Images of the seized watches.

10. HSI conducted an audio-recorded interview with **FLORES,** and he was provided with his *Miranda* rights on a prepared form in his native language of Spanish. **FLORES** agreed to waive his rights and speak with law enforcement. **FLORES** signed a form to confirm that he was waiving

his *Miranda* rights. During the interview, **FLORES** confirmed[1] he was made aware of the declaration requirements on September 29, 2026. **FLORES** stated he gave eight (8) of the watches to the other two (2) subjects and wore one (1) on his wrist to avoid the declaration requirements. **FLORES** valued the watches at approximately $300,000. **FLORES** advised he has made approximately 8-10 trips from the United States to Mexico with high-end watches. **FLORES** stated he did not inform his co-travelers of the declaration requirements.

11. Checks of law enforcement databases also show **FLORES** entered the United States on December 9, 2025, and declared a high-end watch he was planning to sell. CBP imposed a $1,850 duty on the watch.

12. Based on my training and experience, individuals who knowingly transport high-value merchandise such as high-end watches across the border without declaring it to CBP, after being informed on the declaration requirements, are engaged in smuggling goods from the United States with the intent to defraud the United States, including by evading lawful duties, taxes, and reporting requirements.

**CONCLUSION**

13. Based on the foregoing facts, your Affiant respectfully submits that there is probable cause to believe that **FLORES** has committed violations of Title 18, United States Code, Section 554, by fraudulently and clandestinely exporting and attempting to export high-end watches from the United States without declaration and with intent to defraud the United States.

Special Agent Corey Johnson
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 1st day of October 2026.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

[1] Statements recounted herein are provided in sum and substance unless otherwise indicated by quotations.